## SOLOMON W. BRILL v. THE STATE.

Where the defendant was convicted of a felony after the Act of February 11th, 1854, took effect, and appealed and was discharged under recognizance to appear &c., as provided by the law previously in force, it was held that the appeal was not in conformity to law and could not be entertained.

Appeal from Guadalupe.

*J. J. Thornton*, for appellant.

*Attorney General*, for appellee.

LIPSCOMB, J.    The appellant was convicted of a larceny, at the May Term, 1854, of the District Court of Guadalupe County, and sentenced to one year's hard labor in the penitentiary.    He appealed, and was discharged on his recognizance to perform the sentence and judgment of the Supreme Court, and was not committed to the jail of the county to abide the judgment of this Court ; and he is now at large on the recognizance so entered into.

The Attorney-General now moves this Court to dismiss the appeal.    The recognizance was no doubt taken under the 4th Section of the Act of 18th May, 1846, but this Section was repealed by the 83rd Section of the Act, February 11, 1854, which went into effect on the 1st May, 1854.    This Act provides that in cases of appeals from conviction in the District Court, of felony, the prisoner shall be remanded to prison.

The conviction and recognizance in this case were after the Act of 1854 went into effect.    The appeal is therefore not in conformity with the law in force at the time of the conviction. The recognizance taken is a nullity.    The appellant is at large and has no right to be heard on his appeal.    It is therefore dismissed.

Appeal dismissed.