## ROBERT MOORE v. THE STATE.

1. ESCAPE OF APPELLANT IN A FELONY CASE.—An escape forfeits the appellant's right to have his appeal heard, though the court will act, if requested by the attorney general.
2. SAME.—The escape is not a ground for dismissal until after a reasonable time for the recapture or surrender of appellant into custody.
3. SAME.—Appellant escaped October, 1873: *Held,* February, 1876, that reasonable time had been allowed for capture or surrender, and no appearance having been entered, the case was dismissed.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—At the July Term, 1873, of the District Court of Fayette county, the appellant, Robert Moore, was convicted of the crime of rape, and adjudged to be confined in the penitentiary for the period of twenty-five years. But having prayed for an appeal to this court, sentence on the judgment was stayed, and he was committed to jail, as required by law in cases of felony, where the defendant appeals, until the decision of this court could be rendered in said appeal. The transcript of the record was filed in this court September 23, 1873. On the 13th day of February, 1874, the case coming on to be heard by this court in the regular call of the docket, and no appearance being made for appellant, the attorney general suggested that appellant had escaped from the jail of said Fayette county, to which he had been committed as aforesaid, pending his said appeal, on the 17th of October, 1873, as shown by the affidavit of the sheriff of said county accompanying said motion, and moved the court, on account thereof, to dismiss said appeal. This motion, after due consideration, was however overruled.

It has been the uniform practice of this court since the enactment of the law requiring defendants in cases of felony

to be committed to jail pending their appeals, to refuse to consider such appeals, unless at the instance of the State, when the appellant has escaped from the custody to which, as required by law, he has been committed. The appellant will not be heard to question the correctness of the judgment while in flagrant violation of the authority of the court and when he has broken the condition upon which he was authorized to take an appeal. But although the court has always refused to permit appellants to appear by counsel, and have their appeals heard and decided under such circumstances, it has never been held that the mere fact of an appellant's escape from jail forfeits the appeal. It suspends the right to prosecute it, but does not abrogate the jurisdiction of this court on it. And if the appellant should be recaptured, or voluntarily return and surrender himself to the custody to which he was committed, he might then ask to be heard, and the court will consider the appeal, and if the judgment is found to be erroneous it will be revised.

But undoubtedly there must be some period of time after which the court will not suffer its docket to be incumbered and the business of the court to be impeded with appeals by parties who are contemning and defying the law in virtue of which they claim the right to bring their cases to this court. If, after a reasonable delay, of which the court must judge from the character and circumstances of the case, the appellant fails to surrender himself to legal custody, so that the court may properly proceed to the disposal of the case on its merits, it must regard and treat the appeal as voluntarily abandoned and strike it from its docket.

There has, we think, quite sufficient time elapsed in this case since appellant's escape for the court to make a final disposition of it. And as a submission of the case on its merits is not asked by the State, and it is not shown that appellant has been recaptured or has voluntarily surrendered himself into custody, and no appearance has been

made for him in this court by counsel, his appeal, in our opinion, should now be dismissed. And it is accordingly so ordered.

Dismissed.