### WILL OWENS v. THE STATE.

*No. 732.  Decided October 25.*

1. **Escape of Appellant Pending His Appeal—Evidence of, Sufficient.**—See facts stated which the court holds sufficient to establish such an escape, pending appeal, as ousts the jurisdiction of the appellate court, and requires a dismissal of the appeal, under provisions of articles 845, 846, Code of Criminal Procedure.

2. **Same — Case Distinguished.**— See this case distinguished from the facts stated in the case of Loyd v. The State, 19 Texas Criminal Appeals, 137.

APPEAL from the District Court of Wise. Tried below before Hon. J. W. PATTERSON.

Appellant was tried upon an indictment containing two counts; one for assault with intent to commit robbery, and the other for assault with intent to murder one J. E. Page. At the trial he was convicted of assault with intent to murder, and his punishment assessed at two years in the penitentiary. Pending his appeal from the judgment of conviction, he escaped from custody, and the fact of escape having been certified to the Court of Criminal Appeals, the Assistant Attorney-General moved to dismiss the appeal. This was the only question determined on the appeal, and the following are the facts contained in the record, pertaining to this matter, as shown by the affidavits attached to the motion to dismiss, viz.:

"*The State of Texas v. Will Owens.*—In District Court of Wise County, Texas. Before the undersigned authority, on this day personally came A. W. Walden, who upon oath says, that during and pending the appeal of said above entitled case, and after his conviction and sentence for the crime of assault with intent to murder, and on the 2nd day of July, 1893, Will Owens broke jail and escaped from the Wise County jail. I was on the public square of Decatur, Texas, and about fifty yards from the jail, when I learned the prisoners had broken jail and were escaping. I went to the livery stable and got my horse. I saw a man about one-fourth of a mile turn the corner of the street, and parties told me it was Will Owens. I hastened on after him, but after he turned the corner of the street he was out of my sight until he was captured. At the residence where he turned the corner of the street I asked a lady which way he went, and she told me he went into a ravine outside of the residence part of the town. I went on in the direction she said he went, and about one-fourth of a mile from where he turned the corner, and a little over a half mile from the jail, as above stated, I found him hid in about an acre patch of corn, which was taller than a man's head. I am constable of this precinct. I brought him back and placed him in the jail. He was out of jail about half an hour.

[Signed]                "A. W. WALDEN,<br>" Constable Precinct No. 1, Wise County, Texas.

"Subscribed and sworn to before me, this 30th day of September, 1893.

[Signed]                "J. A. TANKERSLEY,<br>"Justice of the Peace, Precinct Number 1, Wise County, Texas.

"*The State of Texas, County of Wise. — The State of Texas v. Will Owens.*—Charge, assault with intent to murder.

"*To C. O. Terrell, County Attorney of Wise County, Texas:* I, J. L. Rucker, sheriff of Wise County, Texas, respectfully represent, that at the May Term of the District Court of Wise County, Texas, in a certain cause wherein the State of Texas was plaintiff and Will Owens was de-

fendant, charged with the crime of assault with intent to murder, the defendant, Will Owens, was convicted, and his punishment assessed at two years confinement in the penitentiary. That after said conviction and sentence of Will Owens on said charge at said term of court, the defendant was, by an order of commitment by J. W. Patterson, district judge of the Forty-second Judicial District, remanded into the hands of J. L. Rucker, sheriff as aforesaid, to be by him safely kept to await the result of the appeal taken by the defendant, Will Owens, to the Court of Criminal Appeals in this case. That heretofore, to-wit, on the 2nd day of July, 1893, the defendant made his escape from custody of the said J. L. Rucker, sheriff as aforesaid, while he was so legally held in the county jail of Wise County, Texas, to await the result of his appeal as aforesaid, and the defendant, Will Owens, was recaptured on said 2nd day July, 1893, but did not voluntarily return.

[Signed] "J. L. RUCKER,
" Sheriff of Wise County, Texas.

" Subscribed and sworn to before me, this 30th day of September, 1893.
[Seal.] " J. C. CASEY,
" Clerk District Court, Wise County, Texas."

The following are the counter-affidavits which were filed in opposition to the motion to dismiss the appeal, viz.:

"*The State of Texas v. Will Owens.*—I, J. A. Wasson, do swear, that on the day when Will Owens got out of jail I was living with my family in the county jail, where Will Owens was confined, and when the alarm was given that the prisoners had broke jail I was in front of Wakefield's saloon, one and one-half blocks from the jail. I ran to the jail, and went through it and round back on the square, and then some one told me Will Owens had gone into Cameron's lumber yard, about 100 yards from the jail, and looked around awhile, and was told that he had gone south, and I ran south and met A. W. Walden and Walter Satterwhite coming back with Will. They told me they caught him in a little corn patch about 400 yards from the jail. It was about thirty minutes from the time the alarm was sounded. I have been living in the jail ever since, most of the time as jailor, and defendant has not tried to escape since then. Where I met the officers coming back with defendant was about 200 yards from the jail. Mr. A. W. Walden and Mr. Walter Satterwhite, the officers who caught Will Owens, are not in town to-day.

[Signed] "J. A. WASSON.
" Sworn to and subscribed before me, October 20, 1893.
" W. D. GOSE,
" Notary Public, Wise County, Texas.

"*The State of Texas v. Will Owens.*—Before me, the undersigned authority, this day personally came Miss Josie Wasson, who says, upon oath, that she was living with her mother in the county jail of Wise County, Texas, when some of the prisoners confined therein broke jail and escaped. That Will Owens was among the number that escaped, but. that he was not gone longer than thirty minutes, when he was returned by Mr. A. W. Walden, constable precinct number 1, Wise County. That said Will Owens has been in jail here since then, and has never given us any other trouble since.

[Signed]                         "JOSSINE WASSON.

"Subscribed and sworn to before me, this the 20th day of October, 1893.

[Seal]                         "J. G. GOSE,
"Notary Public, Wise County, Texas.

"*The State of Texas v. Will Owens.*—Now comes J. L. Rucker, sheriff of Wise County, Texas, who says, upon oath, that he was sheriff of Wise County, Texas, at the time Will Owens escaped; that he was not in the city of Decatur on the day of the escape; that Will Owens was in jail when he left Decatur, and was still in jail when he returned, being under a commitment from the District Court, he being under conviction for assault to murder. That the defendant, Will Owens, has not given me any trouble since then. There were several others who escaped at same time, all much older than defendant. Defendant is about 17 years old, I don't know whether I have reported the escape or not. If I did so, it was on the information of my jailor, and not from my personal knowledge.

[Signed]                     "J. L. RUCKER, Sheriff.

"Sworn to and subscribed before me, this October 20, 1893.

[Seal]                     "J. A. TANKERSLEY,
"Justice of the Peace and ex officio Notary Public, Wise County, Texas."

"*The State of Texas v. Will Owens.*—Before me, the undersigned authority, this day personally appeared H. M. Foster, who, after being by me duly sworn, says upon oath, that he was in Decatur when the alarm was given that the prisoners had broke jail. My horse was hitched behind the store buildings on west side of public square in Decatur, and I went at once and got on my horse and rode down to Woodward's stable, about 200 feet from the jail, and I saw defendant, Will Owens, down Bent Avenue about 100 yards from me. About that time Mr. A. W. Walden, constable of precinct 1, Wise County, came along and got on my horse and pursued defendant, who ran south, and in a short time Walden came to the jail with defendant, and placed him in jail. When

Walden got on my horse and started after defendant, the defendant was in sight, going down the street.

                [Signed]                                   "H. M. Foster.

"Subscribed and sworn to before me, this 20th day of October, A. D. 1893.

        [Seal]                                        "J. G. Gose,
                            "Notary Public, Wise County, Texas."


*McMurray & Gose* and *R. F. Spencer*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—Motion to dismiss the appeal because of the escape of the appellant.

Appellant, in answer to the motion to dismiss, denies the escape, and supports his denial by several affidavits.

When we examine these affidavits, and compare them with that made by the constable, A. W. Walden, we find no material conflict with reference to the facts sworn to by each. We have compared the facts bearing upon the motion in this case very carefully with the facts in the Loyd case, 19 Texas Cr. App., 137, relied on by appellant, and find them not at all similar. After giving the propositions of law stated in the Loyd case a close examination, and applying them to the facts of this case, we are of opinion that in this case there was an escape.

Motion sustained. The facts will be reported.

                                                    *Appeal dismissed.*


Judges all present and concurring.