### D. T. Jordan v. The State.

#### No. 458. Decided May 4, 1910.

**1.—Incest—Recognizance—Reinstatement of Appeal.**

Where an appeal was dismissed on account of a defective recognizance, and thereafter the appellant filed a recognizance with his motion for a rehearing, as required by law, the appeal was reinstated.

**2.—Same—Charge of Court—Accomplice Testimony—Weight of Evidence.**

Where, upon trial of incest, the court in submitting his charge on accomplice testimony charged on the weight of the evidence, and instructed the jury that if they believed the testimony of the alleged accomplice to be true and that it tended to show the defendant's guilt, etc., the same was reversible error. Following Campbell v. State, 57 Texas Crim. Rep., 301.

**3.—Same—Charge of Court—Declarations of Third Parties.**

Where, upon trial for incest, State's witnesses testified that the prosecutrix told them that she had had sexual intercourse with defendant, it was reversible error in not submitting defendant's requested charge that this testimony did not establish the fact of said intercourse.

Appeal from the District Court of Eastland. Tried below before the Honorable Thomas L. Blanton.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Brelsford,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for incest, the punishment being assessed at five years confinement in the penitentiary.

The State moves to dismiss the appeal because there is not a sufficient recognizance. Appellant in the court below, after his motion for new trial had been overruled, entered into a recognizance in the sum of $3,500 conditioned that he would appear on the 3d day of January, 1910, or as may be directed or required by the judge, and there remain from day to day and term to term of said court to answer the State of Texas, upon a charge by indictment duly presented and pending in said court wherein the said D. T. Jordan stands charged with a felony, to wit: incest. The bond or recognizance as prescribed by the Act of the Thirtieth Legislature permitting parties to go at large after their conviction for a felony is conditioned as follows: "That the said A. B., who stands charged with the offense of ———— in this court, and who has been convicted of the offense of ———— in this court, shall appear before this court from day to day and from term to term of the same and not depart therefrom without leave of this court in order to abide a judgment of the Court of Criminal Appeals of the State of

Texas, in this case." Before the passage of this Act this court could not take cognizance of a case unless the appellant was in custody as the court would be without jurisdiction to dispose of the case. The Act in question allowed the appellant to go at large pending his appeal after he entered into a recognizance, or even upon bond after the term. The record in this case showing conclusively that appellant is not in custody and that he has not entered into a recognizance as required by law, which is equivalent to an escape, will authorize the dismissal of the appeal. And as the record in this case discloses that the appellant is at large without giving sufficient bond or recognizance to entitle him to go at large pending appeal, the State's motion will be sustained and the case dismissed. The appeal, therefore, is dismissed.

*Dismissed.*

### ON MOTION FOR REHEARING.

#### May 4, 1910.

McCORD, Judge.—At a former day of this term the appeal was dismissed on account of defective recognizance. Appellant has filed motion for rehearing, accompanying same with a recognizance as required by law. The case will therefore be reinstated.

On the trial of the case the court charged the jury as follows: "Now, if you should find from the evidence that the witness Emma Latham was an accomplice, or should have a reasonable doubt as to whether she was or not, as that term is defined to you in the foregoing instructions, then you are instructed that you can not find the defendant guilty upon her testimony unless you first believe that the testimony of the said Emma Latham is true, and that it shows or tends to show that the defendant is guilty as charged in the indictment, and unless you further believe that there is further evidence in the case outside of the testimony of the said Emma Latham tending to connect the defendant with the commission of the offense, charged, but, if you should believe from the evidence beyond a reasonable doubt that the defendant did have carnal intercourse with the witness Emma Latham at the time and place named in the indictment, and if you should further believe and find from the evidence beyond a reasonable doubt that in the commission of the incestuous act, if there was an incestuous act, the said Emma Latham was the victim of force to such an intent that she did not act voluntarily and did not join in commission of the act, with the same intent that actuated the accused, if, in fact he did have incestuous intercourse with said witness, and did use force in committing such intercourse act, then, in such event, the said Emma Latham would not be an accomplice, and a conviction could be had upon her evidence without corroboration, provided the jury believed that the testimony of the said Emma Latham is true and that such

testimony satisfies the minds of the jury beyond a reasonable doubt that the defendant is guilty of the offense charged in the indictment." This charge is objected to upon two grounds. First, because the court told the jury that if they believed the testimony of the said Emma Latham is true and that it shows or tends to show that the defendant is guilty as charged in the indictment and that the same is corroborated, etc. Second, that the charge as a whole was upon the weight of the testimony in that it instructed the jury that if they should find that the witness Emma Latham was not an accomplice and did not enter into the incestuous act with the same intent that actuated the accused, and the accused used force in committing such intercourse, then in such event the said Emma Latham would not be an accomplice and a conviction could be had upon her evidence without corroboration. In the case of Tipton v. State, 30 Texas Crim. Rep., 530; 17 S. W., 1097, in an opinion by Judge White, it was held that the charge as given was abstractly correct, following the rule laid down in the case of Mercer v. State, 17 Texas Crim. App., 452, and that same embodied a correct proposition of law. See also Blanchette v. State, 29 Texas Crim. App., 46, and Dodson v. State, 24 Texas Crim. App., 514. In the Tipton case, *supra,* it was held further that the latter portion of said charge was upon the weight of the evidence—that is, that portion which said if she was not an accomplice, a conviction might stand upon her evidence without corroboration and that under this instruction they might have looked to and based their conviction upon her isolated testimony without reference to other evidence in the case. The case was reversed because the latter portion of said charge was upon the weight of the evidence. In regard to the charge of the court in telling the jury that if they believed the testimony of Emma Latham to be true and that it shows or tends to show the guilt of the defendant, etc., we have repeatedly held that this was error and that it laid down a rule for the determination of the accomplice's testimony weaker than that that was required by law. A proper charge would have been for the court to have instructed the jury that if they believed the testimony of the accomplice to be true, and that it shows the guilt of the defendant and there is other testimony tending to connect the defendant with the commission of the offense, etc. This question has been before us frequently and we have been called upon to reverse several cases because of this error. We would again call the attention of the trial judges to the matter and urge upon them to follow the rule as laid down in the case of Campbell v. State, 57 Texas Crim. Rep., 301; 123 S. W., 583.

On the trial of the case the defendant requested the following charge: "In this case you are charged that you will not consider the testimony of the witnesses Dr. Sparks, or Mrs. A. O. Sparks, or Mrs. Childs insofar as they testified as to statements made to them by the prosecutrix Emma Latham with reference to the alleged facts of the sexual inter-

course by the defendant with her or of the defendant's alleged paternity of her child; and· you are instructed that said testimony can not be considered against the defendant either as tending to`establish, if it does tend to establish the alleged facts of intercourse or of the paternity of said child, and can not be considered as corroborative of the testimony of said prosecutrix Emma Latham." When the witnesses Dr. Sparks, Mrs. Sparks and Mrs. Childs were upon the witness stand they testified that the prosecutrix, Emma Latham, told. them that the defendant did have sexual intercourse with her down close to where they were weighing cotton in the field. The witnesses having testified, the defendant asked the charge as above set out. We think the court erred in not giving this charge. The testimony certainly could not be used for the purpose of corroborating the prosecutrix, nor as original evidence that the crime was committed and the court should so have instructed the jury.

The motion for rehearing is granted, and the judgment is reversed and the cause is remanded.

*Reversed and remanded.*