## LEO CHERRIER V. THE STATE.

### No. 11370.  Delivered October 26, 1927.

**1.—Manufacture of Intoxicating Liquor — Motion of State — To Dismiss Appeal—Refused.**

In this case the state has filed a proper motion in form to dismiss the appeal on the ground that appellant escaped from the custody of the officers pending his appeal. The facts shown by the state, in our opinion, show an attempt to escape rather than a completed escape, and fall within the rule laid down in Leonard v. State, 109 S. W. 149, and Johnson v. State, 54 S. W. 598.

**2.—Same—Continued.**

Dismissal of an appeal is too harsh a measure to apply, except in a clear case of escape. The state's motion to dismiss will be overruled.

**3.—Same—Charge of Court—Not Properly Excepted To—No Error Shown.**

Where appellant's exceptions to the court's main charge and a special charge requested and refused does not show to have been timely presented they present nothing for review. Our statutes and decisions of this court with reference to the court's charge, and requested instructions, must be literally complied with to present a matter to the court for consideration.

**4.—Same—Evidence—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains of the introduction of his own evidence, given on a former trial, but neither such testimony nor any fact which might show that same was not admissible is incorporated in the bill, complaining of the matter, and nothing is presented to this court in such bill that can be intelligently considered.

**5.—Same—Evidence—Held Sufficient.**

Where the state relied for a conviction on the testimony of appellant, given on a former trial, which testimony may not have been properly admissible against objections, none having been made and the law having laid down certain rules for observance by us, we cannot deviate from them, and must hold that the evidence was sufficient to support this conviction.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for the unlawful manufacture of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of the unlawful manufacture of intoxicating liquor, and his punishment assessed at three years' confinement in the penitentiary.

Motion has been made by the District Attorney to dismiss this appeal, which is accompanied by proper affidavits showing the escape of appellant pending this appeal. Counter-affidavits have been presented in reply to said motion by appellant. The counter-affidavit presented by appellant of the officer making the arrest of appellant after his said escape shows in substance that he saw appellant leaving the county jail and that he did not know he was an escaping prisoner, but a few minutes later, hearing that a prisoner had escaped, he immediately followed appellant and apprehended him two or three blocks away from the jail as he was about to enter a dwelling house. That appellant was not absent from the jail more than ten or fifteen minutes and but for intervening buildings and street traffic would not at any time have been out of sight of the jail or of the officers.

Dismissal of an appeal is too harsh a measure to apply except in a clear case of escape. Upon a liberal interpretation of the facts we are of the opinion that they show an attempt to escape rather than a completed escape and fall within the rule laid down in Leonard v. State, 109 S. W. 149, and Johnson v. State, 54 S. W. 598. The motion is accordingly overruled.

Considering the record, we find that neither the special charge asked nor appellant's exceptions to the court's charge show to have been timely presented and therefore present nothing for review, as has been so ofttimes held that its discussion here

would be but the monotonous repetition of a subject already
worn threadbare. Another bill appears in the record to the
introduction of the testimony of appellant given on a former
trial, but neither such testimony nor the evidence which might
show it was not voluntarily given and was fraudulently pro-
cured is incorporated in such bill of exception. In order to
consider this bill the court would have to read the entire state-
ment of facts and select therefrom such evidence and construct
for appellant a bill of exception, which he has omitted to draw
and present to this court. Obviously we are without authority
to do this.

This leaves only the question of the sufficiency of the evidence
to be considered. This consists alone of the statements of the
appellant which were introduced against him under the fol-
lowing circumstances. At a former trial of this case appellant
pleaded guilty after being duly warned by the court and after
having the consequences of such plea explained to him. He
then took the stand and explained that the still and equipment
found at his house belonged to a sub-tenant to whom he had
rented part of the building. During his testimony he was
stopped by the court, who seemed to think that there was an
inconsistency between his plea of guilty and his statements, and
the court, of his own motion, without any request from the
appellant, changed the plea of guilty to one of not guilty, and
the trial proceeded with the appellant thereafter testifying to
both incriminating and extenuating facts and circumstances.
For reasons not disclosed in the record he was again tried and
all of his former testimony was introduced in evidence against
him and, in addition, it is shown that he was called from the
jail to the District Attorney's office and there stated that he
"was guilty and did possess this liquor and still equipment."
To a question by the court the Assistant District Attorney stated
that at that time and place he asked him "if he was guilty and
he said he was and that he had his equipment up there." All
the latter testimony shows it was made while the appellant was
in jail and during a discussion regarding the compromise of his
case, wherein it was agreed that in consideration of his wife
being discharged from custody and the lowest penalty being
recommended he would enter a plea of guilty.

None of the above testimony may have been admissible as
against proper objections, but being in the record without such,
we are not at liberty to disregard it merely because it might be
plausibly argued that the proceedings were tinctured with mat-
ters that do not comport with fair dealing. The law has laid

down certain rules for observance by us and we cannot deviate from them at our pleasure without bringing chaos into the practice.

No error having been properly presented for review, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.