### CHERRIER v. STATE.   (No. 11370.)

Court of Criminal Appeals of Texas.   Oct. 26, 1927.

1. **Criminal law** &#9755;1131(5)—**Appeal should be dismissed only in clear case of escape.**

An appeal should not be dismissed, except in clear case of escape.

2. **Criminal law** &#9755;1131(5)—**That defendant, convicted of manufacturing liquor, was apprehended a few blocks from jail, showed attempted escape, not requiring dismissal of appeal.**

Evidence, showing defendant convicted of manufacturing liquor was seen leaving county jail by officers, and was immediately apprehended when two or three blocks from jail, showed an attempt to escape rather than completed escape, and did not require dismissal of appeal.

---

**3. Criminal law ⬤1092(8)—Bill of exceptions to giving and refusal of charges not shown to have been timely presented saves nothing for review.**

In prosecution for manufacturing intoxicating liquor, bill of exceptions to court's charge and to refusal of requested special charge, not shown to have been timely presented, presented nothing for review.

**4. Criminal law ⬤1120(4, 8)—Bill of exceptions to admission of defendant's testimony at former trial, not setting out testimony or evidence showing it to be objectionable, cannot be considered.**

In prosecution for manufacturing liquor, bill of exceptions objecting to testimony of defendant, given on former trial, not incorporating testimony or evidence showing it to have been fraudulently procured, cannot be considered.

**5. Criminal law ⬤1036(I)—Court of Criminal Appeals cannot disregard testimony in record without objection, though it may have been inadmissible on proper objection.**

In prosecution for manufacturing liquor, testimony in record without objection, which may not have been admissible as against proper objections, cannot be disregarded by Court of Criminal Appeals merely because it might be argued that proceedings were tinctured with matters not comporting with fair dealing.

Commissioners' Decision.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Leo Cherrier was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

John R. Palmer, of Amarillo, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Appellant was convicted of the unlawful manufacture of intoxicating liquor, and his punishment assessed at three years' confinement in the penitentiary.

Motion has been made by the district attorney to dismiss this appeal, which is accompanied by proper affidavits showing the escape of appellant pending this appeal. Counteraffidavits have been presented in reply to said motion by appellant. The counteraffidavit presented by appellant of the officer making the arrest of appellant after his said escape shows, in substance, that he saw appellant leaving the county jail, and that he did not know he was an escaping prisoner, but a few minutes later, hearing that a prisoner had escaped, he immediately followed appellant, and apprehended him two or three blocks away from the jail, as he was about to enter a dwelling house; that appellant was not absent from the jail more than 10 or 15 minutes, and, but for intervening buildings and street traffic, would not at any time have been out of sight of the jail or of the officers.

[1, 2] Dismissal of an appeal is too harsh a measure to apply, except in a clear case of escape. Upon a liberal interpretation of the facts we are of the opinion that they show an attempt to escape rather than a completed escape, and fall within the rule laid down in Leonard v. State, 53 Tex. Cr. R. 187, 109 S. W. 149, and Johnson v. State, 41 Tex. Cr. R. 9, 54 S. W. 598. The motion is accordingly overruled.

[3, 4] Considering the record, we find that neither the special charge asked nor appellant's exceptions to the court's charge show to have been timely presented, and therefore present nothing for review, as has been so ofttimes held that its discussion here would be but the monotonous repetition of a subject already worn threadbare. Another bill appears in the record to the introduction of the testimony of appellant given on a former trial, but neither such testimony nor the evidence which might show it was not voluntarily given, and was fraudulently procured, is incorporated in such bill of exception. In order to consider this bill, the court would have to read the entire statement of facts and select therefrom such evidence and construct for appellant a bill of exception, which he has omitted to draw and present to this court. Obviously we are without authority to do this.

[5] This leaves only the question of the sufficiency of the evidence to be considered. This consists alone of the statements of the appellant which were introduced against him under the following circumstances: At a former trial of this case appellant pleaded guilty after being duly warned by the court and after having the consequences of such plea explained to him. He then took the stand, and explained that the still and equipment found at his house belonged to a subtenant, to whom he had rented part of the building. During his testimony he was stopped by the court, who seemed to think that there was an inconsistency between his plea of guilty and his statements, and the court, of his own motion, without any request from the appellant, changed the plea of guilty to one of not guilty, and the trial proceeded with the appellant thereafter testifying to both incriminating and extenuating facts and circumstances. For reasons not disclosed in the record, he was again tried, and all of his former testimony was introduced in evidence against him, and, in addition, it is shown that he was called from the jail to the district attorney's office, and there stated that he "was guilty, and did possess this liquor and still equipment." To a question by the court the assistant district attorney stated that, at that time and, place, he asked him "if he was guilty, and he said he was, and that he had his equipment up there." All the latter testimony shows it was made while the appellant

was in jail, and during a discussion regarding the compromise of his case, wherein it was agreed that, in consideration of his wife being discharged from custody, and the lowest penalty being recommended, he would enter a plea of guilty.

None of the above testimony may have been admissible as against proper objections, but, being in the record without such, we are not at liberty to disregard it merely because it might be plausibly argued that the proceedings were tinctured with matters that do not comport with fair dealing. The law has laid down certain rules for observance by us, and we cannot deviate from them at our pleasure without bringing chaos into the practice.

No error having been properly presented for review, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.