OSCAR LAFFERTY ALIAS OSCAR BYRUM V. THE STATE.

No. 15821.   Delivered May 3, 1933.
Reported in 60 S. W. (2d) 222.

The opinion states the case.

*Barnie Cantrell,* of Dallas, for appellant.

*Archie D. Gray,* Cr. Dist. Atty., Ellis County, of Waxahachie, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for burglary; punishment assessed at confinement in the penitentiary for life.

On March 22, 1933, the opinion of this court was delivered ordering a reversal of the judgment of conviction of the appellant. At the time the opinion was delivered this court was without jurisdiction to pass upon the merits of the appeal for the reason that at that time the appellant had escaped from custody, though knowledge of the escape had not been brought to the attention of the members of the court. There is now before the court the written statement of Dave Fearis, sheriff of Ellis county, Texas, duly verified by his oath, to the effect that on March 12, 1933, the said Oscar Lafferty, alias Oscar Byrum, overpowered the jailer in charge of the jail in Ellis county, Texas, where the appellant was confined, and escaped; that at the time of the making of said affidavit, namely, March

23, 1933, the appellant had not been recaptured and had not voluntarily returned to custody.

Article 824, C. C. P., 1925, contains the following: "If the defendant, pending an appeal in a felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the state's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped."

In article 825, C. C. P., it is said that the oath of the sheriff or officer having custody of the prisoner, showing the escape and the failure to return, shall be sufficient evidence upon which to authorize a dismissal of the appeal. There is before this court no statement controverting the affidavit mentioned. Note is taken of the recent act of the Legislature, amending article 824, C. C. P., as follows: "* * * and in cases where the punishment inflicted by the jury is death or confinement in the penitentiary for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape."

At this time no information has come to this court showing either the recapture or the surrender of the appellant. More than thirty days have elapsed since the date of the appellant's escape. As stated above, at the time the original opinion was written, this court was without jurisdiction to pass upon the appeal for the reason that at that time the appellant had escaped and was at large.

The point is made in behalf of the appellant that this court is without jurisdiction to set aside the judgment of reversal. Under the terms of the statute mentioned above, article 824, supra, this court lost jurisdiction to enter the judgment of reversal at the date of the escape of the appellant, which was on the 12th day of March, 1933. The judgment of reversal originally entered, having been made without jurisdiction, would have no vitality, and its annulment and removal from the records of the court as a judgment is deemed to be within the exercise of the authority of this court embraced in article 824, supra, and also embraced in the inherent power necessarily possessed by the court, during the term of entry, to expunge an order which it had no jurisdiction to make.

For the reasons stated, the order of the court heretofore entered reversing the judgment is set aside and the appeal of

the appellant is dismissed for want of jurisdiction of this court to entertain the appeal.

*Dismissed.*