## A. M. VERNON V. STATE

No. 31,770. April 6, 1960

Appeal Reinstated and Considered on Merits June 8, 1960

Motion for Rehearing Overruled October 19, 1960

*A. R. Archer, Jr.*, Monahans, and *Arthur Mitchell*, Austin, for appellant.

*Thomas L. White*, District Attorney, *John Howze*, County Attorney, Monahans, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the misapplication of public funds in violation of Art. 95, V.A.P.C.; the punishment, two years.

The record contains no recognizance or appeal bond and shows that the appellant has been enlarged pending the appeal.

In the absence of a recognizance or bond, in accordance with the terms and conditions prescribed in Arts. 17 and 818, V.A.C.C. P. and the record showing that appellant is not confined in jail, this court is without jurisdiction to enter any order other than to dismiss the appeal.

The appeal is dismissed.

Opinion approved by the Court.

On motions to reinstate appeal.

BELCHER, Judge.

By supplemental transcript appellant has now perfected the record on appeal and the appeal is reinstated and will be considered on the merits.

The indictment contained three counts. The court submitted only the second count to the jury. It charged that the appellant on or about November 10, 1958, while Justice of the Peace of Precinct No. 2 of Ward County did fraudulently take, misapply and convert to his own use $20.50 belonging to Ward County which had come into his possession by virtue of said office.

The evidence shows that at all times here in question the appellant was the duly elected, qualified and acting Justice of the Peace of Precinct No. 2 of Ward County. The appellant as such officer performed the usual duties of justice of the peace which included the filing of criminal cases and their disposition by pleas of guilty, trial or dismissal.

To support the conviction under count two, the state relied on a case in said justice court which had been filed against Bobby Joe Morgan, and so stated in open court when Morgan was called to testify.

Bobby Joe Morgan testified that on November 10, 1958, he entered a plea of guilty to the offense of speeding before the appellant acting in his official capacity as justice of the peace, and that the fine assessed, together with the costs, was $20.50; that he personally paid said sum in money to the appellant who issued and delivered to him his official receipt therefor. Said receipt was introduced in evidence by the state.

Thomas D. Cook Jr., the special auditor, testified that he had examined the docket book of said justice court, and that the docket sheet of the cause of Bobby Joe Morgan showed that it was marked "Nolle Pros." He further testified that an examination of the monthly reports of collections made by the appellant to Ward County did not show a report of the collection of any sum of money in the cause of Bobby Joe Morgan.

The testimony of the county auditor corroborated that of the special auditor.

Appellant, while testifying in his own behalf, denied appropriating any money belonging to Ward County. He attributed the discrepancies between the traffic tickets, docket entries and monthly reports to inadvertance or mistake. In instances of hot checks and hardships cases he would change the docket sheets to show the actual disposition; that he applied money paid for one fine to another case in arrears. The rush of business on Monday mornings had caused incorrect entries on the docket; and that others had collected numerous fines for him. He further testified that he deposited all the money he collected in his "J. P. Account." On cross-examination he testified that the $20.50 paid by Bobby Joe Morgan was reported in the payment of some other case but what case he did not know; and that he did not deny being paid in about 40 cases he "nolle prossed" in November and December, 1958.

Appellant insists that the trial court erred in admitting in evidence the conclusions and opinions of Thomas D. Cook, Jr., based on the pink traffic tickets, judge's docket, monthly reports, checks, receipts, and other oral as well as documentary evidence because such conclusions and opinions were hearsay.

Thomas D. Cook, Jr., a certified public accountant, testified that he and two accountants under his direction and supervision made an audit of the books of the office of Justice of the Peace of Precinct No. 2 of Ward County for the year 1958 and of other books and instruments pertaining to said office during that year, and that his testimony was based upon said instruments and records.

The admission of the testimony as to the audit as shown by the testimony of the witness Cook, including the chief complaint, that is, the examination of the pink traffic tickets sent to the district office and to which was later transferred data showing the disposition of the cases, was not reversible error because the evidence complained of reveals no injury or prejudice to the appellant and further because his testimony places all the source of his trouble in the handling of the cases in his office.

It is urged that the trial court erred in admitting evidence of numerous extraneoeus transactions and offenses by the appellant which showed the payment and failure to report fines and cost paid to him in other cases.

The state called as witnesses the traffic violator or the person who had paid a fine for the violator in about thirty traffic cases. They testified that they paid fines and costs to the appellant. The testimony of the auditor shows that appelant's monthly report did not show the collection of such money or was there a showing of such payment in any manner to the county. The state also introduced additional evidence showing discrepancies in the collection of fines and costs and the monthly reports in the disposition of other cases in said court by the appellant.

The evidence of the other transactions similar to the Bobby Joe Morgan transaction was admissible to show the intent, knowledge and system of the appellant and in combatting his theory of mistake, inadvertence, hot check charge backs, hardship cases, and the application of money on other cases in arrears. 18 Tex. Jur., 59-57, Secs. 33-38; 1 Branch 2ed., 200, Sec. 188; Sims v. State, No. 31,717, 169 Tex. Cr. Rep. 466, 344 S.W. 2d 818.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.