Eddie Alfred **RICHARDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–88–01046–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1989.

Yardley B. Kennedy, Houston, for appellant.

Jim Mapel, Angleton, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

PER CURIAM.

Appellant entered a plea of not guilty before a jury to the offense of attempted capital murder. TEX.PENAL CODE ANN. § 15.01. He was convicted and the jury assessed punishment at imprisonment for forty-five (45) years and a $5,000 fine.

On June 2, 1989, we ordered the trial court to conduct a hearing and to make certain findings on appellant's failure to file a brief. On July 13, 1989, before we received the hearing record from the trial court, the State filed a motion, supported by affidavit, to dismiss the appeal, alleging appellant had escaped. TEX.CRIM.PROC.ANN. art. 44.10 provides:

> When any such escape occurs, the sheriff who had the prisoner in custody shall immediately report the fact under oath to the district or county attorney of the county in which the conviction was had, who shall forthwith forward such report to the State prosecuting attorney. Such report shall be sufficient evidence of the fact of such escape to authorize the dismissal of the appeal.

In this case, there is no report from the sheriff among the papers on file because appellant did not physically escape from jail. The trial court, after the TEX.R.APP.P. 74(l)(2) hearing, made a finding that appellant escaped.

On November 18, 1988, appellant was sentenced and he gave written notice of appeal on December 5, 1988. According to the State and evidence at the hearing, appellant was transferred to Matagorda County and from there, to Harris County on a misdemeanor warrant. Appellant was released from the Harris County Jail on March 24, 1989. On June 20, 1989, Brazoria County issued a warrant for appellant's arrest. On June 29, 1989, appellant's counsel filed an affidavit with the trial court attesting that he had no knowledge of appellant's whereabouts. On June 30, 1989, the trial court held a hearing per our order. The trial court found, after hearing the evidence, that appellant has the status of an escapee and that he is at large. According to the State, appellant was arrested the afternoon of June 30, 1989.

When an appellant is mistakenly released and his whereabouts are unknown to counsel and the court, he has the status of an escapee and the appeal will be dismissed. *Thompson v. State*, 641 S.W.2d 920, 922 (Tex.Crim.App.1982). Here appellant was mistakenly released from jail in Harris County after his attempted capital murder conviction in Brazoria County. His whereabouts were unknown to the court and his counsel. Appellant was an escapee and the trial court so found. TEX.R.APP.P. 60(a)(2)

authorizes the dismissal of an appeal on the State's motion, supported by affidavit, where appellant has escaped from custody pending the appeal and has not voluntarily returned within ten days after escaping. The motion is granted.

Accordingly, we order appellant's appeal dismissed.