Jeffrey Lynn ESTEP, Appellant,

v.

The STATE of Texas, Appellee.

No. 848–94.

Court of Criminal Appeals of Texas.

June 28, 1995.

Jeffrey Lynn Estep, pro se.

John Vance, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge.

Appellant was convicted of telephone harassment and his punishment was assessed at one hundred eighty days confinement and a fine of $1500. The appeal was dismissed. *Estep v. State*, No. 05–94–584–CR (Tex. App.—Dallas, delivered May 17, 1994). Appellant's petition was granted to determine whether dismissal of the appeal was appropriate pursuant to Tex.R.App.Pro. 60(b). Specifically, the issue is what constitutes an "escape" under Tex.R.App.Pro. 60(b)?

Appellant, representing himself, was convicted on February 24, 1994, and a judgment was entered that day granting credit for time served from June 11 to August 26, 1993. Appellant gave written notice of appeal on March 3, 1994, and also that date filed a "Motion To Commute Total Sentence To Time Served," contending that with good time credits his presentence jail time was sufficient to satisfy both the jail time and fine assessed for this offense.

Twelve days later the State filed in the trial court a motion to dismiss the appeal under Tex.R.App.Pro. 60(b). Attached to the motion was an affidavit from a prosecutor stating that Appellant was taken into custody and then "mistakenly" released by the Dallas County Sheriff's Department the same date he filed notice of appeal, had not posted an appeal bond, and had "not voluntarily returned to lawful custody within Texas within ten days of escaping from the Dallas County Sheriff's Department." The trial court granted the motion that day.

On March 30 Appellant filed a mandamus application with the Court of Appeals, contending the trial court did not have jurisdiction to dismiss the appeal. Motion for leave to file was granted that day, and the trial court was ordered to respond. On April 13 the State filed in the Court of Appeals another motion to dismiss, attaching an affidavit from the trial judge and certified copies of the Dallas County Sheriff's Department records for Appellant in this cause. The affidavit stated the judge had set Appellant's appeal bond at $2,000 in this cause and had "remanded him to the custody of the Sheriff until such time as he filed an appeal bond." This affidavit also stated "the Sheriff's Department had mistakenly released [Appellant] immediately after he had been booked in because he had already served enough time in jail to discharge the confinement portion of his sentence," and the judge had entered an order allowing Appellant "to perform community service, in lieu of paying his fine, through the county road and bridge department." The affidavit asserted the judge had issued a warrant for Appellant's arrest, and "he did not voluntarily return to lawful custody within the State within ten days after escaping." The Sheriff's records recite, "SENTENCE 180 DYS 120 GT 77 CRT F/C SRV THR RD AND BRIDGES NO DYS TO SRV PER DISPO BY BANKS S DEPUTY CLERK/TURNER 030394." The Court of Appeals subsequently issued an order granting the State's motion to dismiss Appellant's appeal.

Tex.R.App.Pro. 60(b) provides:

An appeal shall be dismissed on the State's motion, supported by affidavit, showing that appellant has escaped from custody pending the appeal and that to the affiant's knowledge, has not voluntarily returned to lawful custody within the State within ten days after escaping. The appeal shall not be dismissed, or, if dismissed, shall be reinstated, on filing of an affidavit of an officer or other credible person showing that appellant voluntarily returned to lawful custody within the State within ten days after escaping. If the appellant received a life sentence and is recaptured or voluntarily surrenders within thirty days after escaping, the appellate court, in its discretion, may overrule the motion to dismiss, or, if the motion has previously been granted, may reinstate the appeal.

In order to determine the scope of an "escape" as countenanced by Tex.R.App.Pro. 60(b) it is appropriate to review Texas jurisprudence concerning dismissal of appeals because the defendant escaped. The Supreme

Court in *Ex parte Coupland,* 26 Tex. 386 (1862), overruled a motion to dismiss and addressed the merits of an appeal from denial of relief in a habeas corpus application. Coupland challenged the State's right to conscript him into the Confederate Army, and the Court acknowledged it had discretion to dismiss an appeal when the defendant had escaped but decided to address the merits even though there was an indication that Coupland had deserted after the appellate record was filed. *Moore v. State,* 44 Tex. 595 (1876), noted the common law doctrine allowing the court discretion to dismiss appeals when the defendant had flagrantly violated the authority of the court by escaping, but held that an escape did not divest the court of jurisdiction to review the appeal. The court did dismiss Moore's appeal after first having allowed him a reasonable period to surrender.

In 1876 the legislature enacted a statute depriving the appellate court of jurisdiction when the defendant made "his escape from prison during the pending of the appeal." Article 1721, C.C.P. See *Gibson v. State,* 83 Tex.Crim. 435, 203 S.W. 893 (1918). Shortly thereafter two defendants whose cases were on appeal escaped then voluntarily turned themselves in, but the surrenders were not deemed sufficient to prevent the appeals from being dismissed in light of the new statute. *Brown v. State,* 5 Tex.App. 126 (1878); *Young v. State,* 3 Tex.App. 384 (1878).

A new code of criminal procedure adopted in 1879 modified the language of the 1876 statute, providing that the jurisdiction of the court of appeals would "no longer attach" when the defendant, "pending an appeal in the felony case, makes his escape from custody," and requiring the appeal to be dismissed "on motion of the State's attorney." However, this code also required the sheriff to report "any such escape" to the prosecuting attorney, Article 846, C.C.P. and precluded dismissal if the defendant voluntarily returned within ten days to the custody of the officer from whom he had escaped. Article 845, C.C.P.

This provision was retained substantially unchanged throughout several reformulations of the code of criminal procedure, except that in 1933 an amendment allowed reinstatement of appeals from sentences of death or life imprisonment if the defendant were recaptured within thirty days, Article 824, V.A.C.C.P., and a 1981 amendment changed "pending an appeal" to "after giving notice of appeal." Article 44.09, V.A.C.C.P. When this Court adopted the Rules of Appellate Procedure effective September 1, 1986, Tex. R.App.Pro. 60(b) replaced Art. 44.09, but Article 44.10, V.A.C.C.P., requiring the sheriff to report "any such escape," was left intact. Additionally, Tex.R.App.Pro. 60(b) adopted the pre–1981 language of "pending the appeal," deleted reference to the death penalty, and allowed any voluntary return to be merely "to lawful custody within the State" rather than requiring the return to the officer from whom the defendant had escaped.

Numerous appellate opinions have interpreted the various incarnations of this provision since 1879. *Lunsford v. State,* 10 Tex. App. 118 (1881), held that the new statute required dismissal of an appeal when the defendant escaped pending the appeal and the State moved for dismissal, because the appellate court then lost jurisdiction. *Lafferty v. State,* 123 Tex.Crim. 570, 60 S.W.2d 222 (1933), further held that jurisdiction was divested at the time of the escape, requiring dismissal of a subsequently issued opinion when the Court later received notification of the escape. *Loyd v. State,* 19 Tex.App. 137 (1885), decided that an escape for a short period of time before the defendant was recaptured was merely an attempted escape, not requiring a dismissal. A few cases followed *Loyd,* e.g., *Leonard v. State,* 53 Tex. Crim. 187, 109 S.W. 149 (1908), but others viewed any escape as sufficient to require dismissal. E.g., *Owens v. State,* 32 Tex. Crim. 373, 23 S.W. 988 (1893). *Cherrier v. State,* 108 Tex.Crim. 101, 299 S.W. 238 (1927), opined that dismissal of an appeal is too harsh a measure to apply except in a clear case of escape.

In 1974 the Fifth Circuit Court of Appeals held Art. 44.09 violated the equal protection clause of the United States Constitution. *Dorrough v. Estelle,* 497 F.2d 1007 (5th Cir. 1974). However, the Supreme Court sum-

marily reversed, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), finding the policy discourages the felony of escape, encourages voluntary surrenders, and promotes the efficient, dignified operation of the appellate courts, such that a rational basis exists for different treatment of prisoners in different classes.

A few cases have addressed the release of prisoners when such was not authorized by law. In *Jordan v. State*, 59 Tex.Crim. 208, 128 S.W. 139 (1910), this Court granted a motion to dismiss because the defendant had been released after completing a form for a pretrial recognizance rather than the form for postconviction recognizance as required by statute, and also commented that this was "equivalent to an escape." No authority was cited or reasoning presented to support this statement. However, the Court later reinstated the appeal after Jordan filed a motion for rehearing accompanied by a proper recognizance.

*Copeland v. State*, 240 S.W.2d 779 (Tex.Cr. App.1951), granted the State's motion to dismiss the appeal because it was "shown that appellant, after giving notice of appeal, failed to enter into a recognizance and escaped from the custody." *Huffman v. State*, 331 S.W.2d 325 (Tex.Cr.App.1960), relied upon *Jordan* to dismiss the appeal because "the record in this case shows conclusively that appellant is not in custody and that he has not entered into a recognizance or given bond as required by law, which is in law equivalent to an escape."

*Prince v. State*, 169 Tex.Crim. 559, 336 S.W.2d 140 (1960), dismissed an appeal after the defendant was released on a recognizance after receiving a life sentence. The Court noted that release on an appellate recognizance was authorized only when punishment was assessed at fifteen years or less, and relied upon the "holding" in *Jordan* to find that Prince's "status is equivalent to that of an escapee," thereby depriving the Court of "jurisdiction to entertain the appeal." However, Prince's appeal also was reinstated after he "perfected the record on appeal."

In *Moreno v. State*, 544 S.W.2d 398 (Tex. Cr.App.1976), the trial court determined that Moreno had been erroneously released by the Texas Department of Corrections while his appeal was pending. This Court relied upon *Prince* to conclude Moreno was "in the status as an escapee," so "this Court does not have jurisdiction except to dismiss the appeals." A panel majority in *Thompson v. State*, 641 S.W.2d 920 (Tex.Cr.App.1982), presumed the defendant had been released on appeal bond when he was no longer eligible for bond, then relied on *Prince* and *Moreno* to conclude he was "in the status of an escapee," so Art. 44.09, V.A.C.C.P., required dismissal of the appeal. *Richardson v. State*, 778 S.W.2d 122 (Tex.App.—Houston [14th] 1989, no pet.) relied on *Thompson* to dismiss Richardson's appeal pursuant to Tex.R.App. Pro. 60(b) after a sheriff's office in another county had mistakenly released him, even though no sheriff's affidavit had been submitted pursuant to Art. 44.10, and Richardson had been returned to custody before the motion to dismiss was considered.

To understand the context of some of these older opinions a survey of some aspects of changes in appellate procedure in Texas is necessary. From 1854 to 1907 a defendant convicted of a felony had no right to release pending an appeal of that conviction. Art. 721, C.C.P. (1854). See *Brill v. State*, 13 Tex. 79 (1854). In 1907 Articles 815 to 818, C.C.P., were enacted, permitting a felon to be released pending appeal of his conviction if his sentence did not exceed fifteen years; the release was pursuant to a recognizance if made during the term of the trial court, and was pursuant to a bond if made after the term expired. Article 836, C.C.P., further provided that "if the defendant is not in custody, a notice of appeal shall have no effect whatever until the required appeal bond has been given and approved." Pursuant to these provisions numerous appeals were dismissed because the defendant was not in custody and had not entered into an appropriate recognizance or bond, but many of these were later reinstated once a proper recognizance or bond was filed. E.g., *Vernon v. State*, 170 Tex.Crim. 150, 338 S.W.2d 728 (1960).

When the current code of criminal procedure was adopted in 1965 all references to "recognizance" were deleted, the right to

bond pending appeals of convictions involving sentences not exceeding fifteen years was retained, and Art. 836 was amended to apply only to appeals from justice and corporation courts. See Articles 44.04 and 44.16, V.A.C.C.P., and special commentaries thereto.

From the preceding history it is obvious that *Jordan, Copeland, Huffman,* and *Prince* properly dismissed the appeals in those causes because the defendants had not complied with the requirement that a proper recognizance or bond be entered if the defendant was not in custody, and according to Art. 836 the notices of appeal "had no effect whatever." This conclusion is supported by the lack of any statutory reference in those opinions and by the subsequent reinstatement of the appeals in *Jordan* and *Prince,* which would have been unauthorized if the dismissals had been pursuant to the predecessors of Tex.R.App.Pro. 60(b) because there was no showing the defendants had voluntarily returned to custody. Language in those opinions pertaining to "escape" was therefore unnecessary and confusing, and did not support the holdings attributed to those cases by *Moreno, Thompson,* and *Richardson.*

"Escape" is not defined in the Rules of Appellate Procedure, but according to the Oxford American Dictionary (1980) means "to get oneself free from confinement or control." *Being released* from custody by someone in authority, even when such release is not authorized by law, does not constitute "getting oneself free from confinement." Further, expanding the concept of "escape" to include releases authorized by persons in authority but not authorized by law does not further the purposes underlying the rule as recognized in *Dorrough v. Estelle;* such an interpretation does not discourage the felony of escape or encourage voluntary surrenders because the defendant is usually not aware that his release was unauthorized, and does little to promote the efficient, dignified operation of the appellate courts when compared to allowing release on bond.

The record in this cause establishes that Appellant was released from custody by a person in authority. In the absence of an affidavit from the sheriff pursuant to Art. 44.10 or some showing that Appellant departed from custody with awareness the departure was not authorized (which can usually be made by setting out the circumstances of the departure), it was improper to conclude that Appellant had escaped. Consequently, dismissal of this appeal was not authorized by Tex.R.App.Pro. 60(b).

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for reinstatement of the appeal.