George William HUFFMAN, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 23903.

United States Court of Appeals
Fifth Circuit.

July 25, 1967.

---

Paul Frederick Rothstein, Joel J. Finer, Austin, Tex., for appellant.

Charles B. Swanner and Robert E. Owen, Asst. Attys. Gen. of Texas, Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. (Bob) Lattimore, Howard M. Fender, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for appellee.

Before TUTTLE, THORNBERRY and GODBOLD, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal from the denial by the district court of a petition for habeas corpus, in which the appellant seeks relief from a twenty-five year sentence for robbery by assault adjudged against him in June, 1959.

Huffman was convicted in State Court for robbery by assault on one Cline. He was sentenced to serve twenty-five years imprisonment. As a result of this conviction, his parole on a 1956 conviction was revoked, and he was returned to prison. When his motion for a new trial in the robbery prosecution was denied, Huffman filed notice of appeal from his conviction. He then discharged his lawyer. However, when he completed service of his earlier sentence on November 11, 1959, and while his appeal was pending in the Texas Court of Criminal Appeals, he was discharged from custody by the warden of the state penitentiary, who apparently had received no detainer for the 1959 conviction. Shortly thereafter, Huffman moved to New Mexico, where he stayed under his own name and later went to California where he also stayed under his own name, entered business and paid taxes under his own name and was married.

During Huffman's absence from the state, the state's attorney moved for, and obtained, a dismissal of the appeal from the 1959 conviction, on the ground that Huffman's status was "in law equivalent to an escape." When he was returned to custody, Huffman twice moved unsuccessfully for reinstatement of his appeal, and was also denied habeas corpus relief by the state courts. He then filed this petition for a writ of habeas corpus in the district court and this appeal is taken from the denial thereof.

At the robbery trial, the complaining witness, Cline, testified that on the date of the alleged robbery, he had received a pay check for $212.26, and that when he cashed it at the bank, he received

a $100 bill, a $50 cashier's check, and the remainder in odd bills. The indictment charged appellant and two accomplices with taking from Cline a $100 bill, a Scripto pencil and a pocket knife. The sister-in-law of one of the alleged accomplices ascertained from an officer of the bank that Cline had not received a cashier's check for $50 and a $100 bill in exchange for his pay check, but had instead received a cashier's check for $150. Thus, it is evident, that the source of the $100 bill which the complaining witness stated had been stolen from him could not have been from the pay check.

The district court in the habeas corpus hearing found that this information was given to appellant's attorney and relayed to the prosecuting attorney. Appellant testified that his counsel received the information after both parties had rested and closing arguments were in progress. He testified, however, that when the prosecuting attorney was told of it, he promised that if there was anything to it, he would do something about it. The habeas corpus court made no finding on the accuracy or credibility of the testimony.

After a preliminary hearing, the district court concluded that appellant's appeal had been dismissed "for want of prosecution," and that as to the challenge to his conviction based on the alleged perjury of the complaining witness, communicated to the prosecuting attorney during oral argument, the district court held that the appellant waived this by his failure to raise the issue during the course of the trial.

We look first at the dismissal of appellant's appeal. Huffman claims that the State of Texas has deprived him of due process and equal protection of the laws by arbitrarily classifying him as an escapee, by the application to his appeal of a Texas statute, which provides that jurisdiction of an appeal to the court of criminal appeal is lost if there is an escape pending appeal, Article 824, Vernon's Ann. Texas Code of Criminal Procedure. On the facts which have been stated above, the Texas Court of Criminal Appeals, Huffman v. State, 331 S.W.2d 325, dismissed Huffman's appeal, stating, "The record in this case shows conclusively that appellant is not in custody and that he has not entered into a recognizance or given bond as required by law, which is in law equivalent to an escape. Jordan v. State, 59 Tex.Cr.App. 208, 128 S.W. 139.

"The State's motion to dismiss the appeal is granted."

Appellant's argument here is that the state cannot, by arbitrarily classifying his conduct following a release by the prison officials, without notice to him of any further obligation which he owed the state, as an "escapee", justify the dismissal of an appeal. Such arbitrary classification of Huffman as an "escapee" when he had left confinement with the blessing of the warden, he says deprives him, without just cause, of the right to appeal granted to others.

In the trial court, Huffman testified as to the reason he felt it was permissible for him to leave in the following terms: He said,

"Well, I don't have any idea. I was under the impression they had either realized that the complaining witness had told some lies or misrepresented the truth or something, and of course the District Attorney had told me that he would check into it later on and do something about it if that was right. I assumed that he got the conviction off of me or something.

"Q. In other words, you felt that your conviction had been reversed?

"A. Yes sir. I figured if they had wanted me they'd have been there after me or had a detainer on me, notified me in some way." (R. 31–32)

The district court made no finding of facts with respect to this assertion by Huffman of his reason for thinking that he was at liberty to leave. Instead, the trial court seems inadvertently to have assumed that the dismissal by the court of criminal appeals was for "want of prosecution." This clearly is not the basis of the dismissal, which was, in-

stead, on a particular statutory ground applying only to escapees. Thus, the trial court has not considered the correctness of the factual statement made by Huffman as to his conduct nor has it considered whether, assuming that Huffman had no culpable motivation in leaving the prison and the State of Texas under the circumstances, the state could validly, nevertheless, treat this conduct of his as grounds for depriving him of the right to appeal which is afforded to others.

The interrelationship between the thus-far undisputed allegations that the prosecuting attorney learned during the course of final arguments to the jury that the prosecuting witness had testified to important facts that were not literally true, and the subsequent conduct of the appellant in accepting as justified his release from the state penal institutions makes it necessary, we think, that the case be returned to the trial court for a determination of the factual issues, here raised. This is necessary because it is clear that the precise basis for the dismissal by the state court was not that found by the trial court. In light of Griffin v. State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, it is clear that the state cannot arbitrarily deny the right of appeal, once it has made it available in the generality of cases. The actions taken here by the state in moving for a dismissal of the appeal on the ground that Huffman was an escapee in light of the fact that Huffman's absence from the state was at least partially due to the mistake by the state officials, either releasing him prematurely or in not filing a detainer raise serious questions that have not been decided by the trial court. Further, in view of the fact that on the present state of the record, it appears that there was possibly a serious defect in the trial itself if the case was submitted to the jury at a time when the prosecuting officer had been put on notice that his complaining witness had sworn falsely, it is necessary that the case be remanded to the district court to make an initial determination of these issues.

The judgment is reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.