Frankie Vernon JOSEPH, Plaintiff-Appellant,

v.

Wingate WHITE, Warden, Defendant-Appellee.

No. 26347.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1968.

Frankie Vernon Joseph, pro se.

George A. Bourgeois, Asst. Atty. Gen., Baton Rouge, La., for defendant-appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

Frankie Vernon Joseph, a prisoner of the State of Lousiana, appeals from the district court's denial of his petition for habeas corpus.

Appellant, represented by court-appointed counsel, was convicted upon trial by jury of attempted aggravated rape and was sentenced by the Orleans Parish Criminal District Court to serve fifteen years on April 7, 1967.

The court below held a hearing on the merits of appellant's habeas petition, following which reasons for denial of the writ were stated from the bench. The court then said that written findings and conclusions would be rendered, but this apparently was not done. Findings and conclusions should be made by a district court in ruling on the merits of a petition for habeas corpus. See Waters v. Beto, 5th Cir. 1968, 392 F.2d 74. We assume that the district court later decided that the reasons stated from the bench sufficed as findings and conclusions. So assuming, we have concluded that they adequately and correctly dispose of all of appellant's contentions except that he, an indigent, was denied a direct appeal by state action.

The transcript shows that the district court erred as a matter of law in ruling that denial of a direct appeal to an indigent defendant does not constitute grounds for federal habeas relief. See Horsley v. Simpson, 5th Cir. 1968, 400 F.2d 708 [September 16, 1968]; Sanford v. White, 5th Cir. 1968, 398 F.2d 479; Loper v. Beto, 5th Cir. 1967, 383 F.2d 400; Wainwright v. Simpson, 5th Cir. 1966, 360 F.2d 307. This ruling prevented appellant from further testifying on that point, which was not adverted to in the reasons for denial announced from the bench.

At the hearing below, appellant testified that he expressed his desire to appeal to his court-appointed counsel and to the sentencing judge, but that no appeal was prosecuted in his behalf. The State produced no testimony or other evidence to refute this assertion.

We reverse the judgment and remand the cause for the district court to make findings whether appellant, then being indigent, was denied his right to take a direct appeal *in forma pauperis*. If so, the State of Louisiana should be ordered to accord him full review of the judgment of conviction as upon direct appeal, with court-appointed counsel, within a reasonable time. In default thereof, the judgment of conviction would be set aside, and unless appellant were retried within a reasonable time, he would be discharged from custody.

Reversed and remanded.