George William **HUFFMAN**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 26003.

United States Court of Appeals
Fifth Circuit.
Aug. 27, 1969.

George William Huffman, pro se.

Daryl Bristow, Houston, Tex. ( Ct. Appt. Counsel), for appellant.

Crawford C. Martin, Atty. Gen. of Texas, Howard M. Fender, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for appellee.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

SIMPSON, Circuit Judge:

This is the second appeal to this Court arising out of Huffman's petition for writ of habeas corpus. See Huffman v. Beto, 5 Cir. 1967, 382 F.2d 777. The relief sought is from a twenty-five year sentence imposed in June of 1959 by the District Court of Nueces County, Texas, upon a conviction of robbery by assault.

At his first hearing in the United States District Court, Huffman contended that he was denied due process of law by the state in that perjured testimony was used to obtain his conviction, and because his appeal was wrongfully dismissed by the Texas Court of Criminal Appeals.

The facts were that at the robbery trial, the complaining witness, Cline, testified that on the date of the robbery he had cashed his pay check for $212.26 at the bank and had received in return a $100 bill, a $50 cashier's check and the remainder in small bills. Huffman and two others were charged with taking from Cline a $100 bill along with a Scripto pencil and a pocket knife. It later became known that the bank had given Cline a $150 cashier's check rather than a $100 bill and a $50 cashier's check. Thus there was obviously a flaw in Cline's testimony as to the source of the $100 bill which allegedly was stolen from him. This information was given to Huffman's trial attorney by a person connected with a co-defendant who had obtained it from the bank. It was relayed to the prosecuting attorney at some point during the latter portion of the trial. The information came to the attention of the state trial court for the first time in a motion for a new trial. The motion was denied and Huffman then filed a notice of appeal in the state court.

As a result of the robbery conviction, Huffman's parole on an earlier conviction was revoked and he was returned to prison. Upon completion of the earlier sentence on November 11, 1959, he was released because the warden had received no detainer for the robbery conviction. Apparently thinking himself a free man, Huffman moved to New Mexico and later to California, sought and gained employment, paid taxes and married, all under his own name. During his absence from the state, his appeal from the robbery conviction was dismissed on the ground that Huffman's status was, under Texas law, equivalent to that of an escapee. He was then apprehended and returned to prison.

After the hearing on these contentions, the federal habeas court denied relief.

Upon appeal, this Court reversed the district court's judgment and remanded for factual determination as to both issues—the use of perjured testimony and the dismissal of the appeal in the state appellate court. Huffman v. Beto, supra.

On remand the court heard testimony from the petitioner and Max Luther, the prosecuting attorney in the state robbery trial. After first denying the state's motion to dismiss for failure to exhaust state remedies,[1] the court found that Huffman had been wrongfully deprived of his right to appeal and granted him an out-of-time appeal to the Texas Court of Criminal Appeals and denied all other relief. It is from this judgment that petitioner now appeals. He contends that the district court erred in failing to find that due process was denied through the use of perjured testimony in his original trial and that an out-of-time appeal is inadequate and inappropriate relief for the wrongful dismissal of his appeal ten years ago.

■ We affirm as to the out-of-time appeal relief granted. This is complete relief to Huffman on one of his asserted grounds. The judgment is couched in terms of the state providing "adequate appellate review".

■■ As to the other contention, the alleged use of perjured testimony, the state contends that the findings of fact and conclusions of law of the district court should not be disturbed unless they are clearly erroneous. The problem with this argument is that the district court made no subsidiary findings of fact regarding the use of perjured testimony. The court simply found that the facts failed to substantiate the contention that the prosecutor knowingly offered perjured testimony. There were no findings as to the underlying facts, accuracy or credibility with regard to this question. At both hearings below, Huffman testified that the prosecutor was informed during the state's closing argument that Cline's testimony as to the source of the allegedly stolen $100 bill was false. Huffman also testified that the prosecutor, when informed of this fact, refused to stop the trial but promised to do something about it if there was anything to what he had been told. While the discrepancy in Cline's testimony only goes to the credibility of the complaining witness, that would not prevent it from being a fatal defect in the trial if it "may have had an effect on the outcome of the trial". Napue v. Illinois, 1959, 360 U.S. 264, 269, 272, 79 S.Ct. 1173, 1179, 3 L.Ed.2d 1217. Cf. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, on harmless error.

The judgment must be vacated so that the district court may enter full findings, including credibility choices, as to this issue. These may be made on the present record, or on a supplemented record, all in the discretion of the district court.[2]

The judgment is affirmed as to the out-of-time appeal issue. It is vacated with instructions as to the perjured testimony issue.

Affirmed in part; vacated in part.

---

1. The state's motion to dismiss was also based on a claim of mootness in that Huffman would not be released from prison even if his attack of the 1959 conviction was successful because he had subsequently been convicted of another offense of robbery by assault in Walker County, Texas. This contention was not pressed by the state on appeal and it is clear that habeas corpus relief is available even though the petitioner's immediate release will not result due to another conviction. See Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426.

2. Ordinarily we would direct that appellant exhaust his state remedy on this question. See Art. 11.07, Vernon's Ann. Texas Code of Criminal Procedure; Ex parte Young, 418 S.W.2d 824 (Tex.Crim. App.1967); Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; Milton v. Wainwright, 5 Cir. 1968, 396 F.2d 214; Stepp v. Beto, 5 Cir. 1968, 398 F.2d 814. Such direction however, as the district court perceived, was foreclosed by the prior decision and direction of this Court. Huffman v. Beto, supra.