**Robert C. CLINE, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 27607**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Oct. 22, 1969.

16. *See also* Dewey v. Barnhouse, 83 Kan. 12, 109 P. 1081, 1083, 29 L.R.A.,N.S., 166 (1910); Merrill v. Meade, 6 Kan. App. 620, 49 P. 787 (1897).

Robert C. Cline, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Allo B. Crow, Jr., Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst., W. V. Geppert, Staff Legal Asst., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

This is an appeal from the district court's denial of a Texas prison inmate's petition for habeas corpus. We reverse and remand.

The appellant, represented by court-appointed counsel, was convicted upon trial by jury of felonious escape from jail. The jury also found that the appellant had been twice previously convicted, whereupon he received a mandatory life sentence, on February 10, 1959.

The appellant contends that the prior convictions used for enhancement of sentence are invalid, and that he was denied effective assistance of counsel during his trial and afterwards which deprived him of his right to a direct appeal. The district court based its decision on the record of proceedings had in state court; no post-conviction evidentiary hearing was held in any court on the merits. We reverse on the basis of appellant's contention that he was denied a direct appeal.

■ The appellant alleged unequivocally, in both his state and federal habeas petitions, that his court-appointed counsel refused to give notice of appeal and refused to assist him in perfecting an appeal. He alleges further that he stated his desire to appeal in open court at the time he was sentenced, and made known to the trial judge that his counsel had refused to assist him on appeal. In denying state habeas relief, the trial court did not controvert these allegations which, if proved, will entitle the appellant to federal habeas corpus relief. Joseph v. White, 404 F.2d 322 (5th Cir. 1968); Horsley v. Simpson, 400 F.2d 708 (5th Cir. 1968); Loper v. Beto, 383 F.2d 400 (5th Cir. 1967); Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966).

■ The cause must be remanded for hearing on the merits of the allegations of a denial of appeal. The usual relief ordered in such a case, should appellant prevail on the merits, would be an out-of-time appeal in the appropriate state court. See Goforth v. Dutton, 409 F.2d 651 (5th Cir. 1969). The state trial court has found, however, that "the record of the testimony given at the trial on January 30, 1959 has long since been destroyed, as provided for by law, and is no longer available." Thus it appears that it would be impossible to provide a meaningful out-of-time direct appeal for this appellant.

In the event, upon remand, the district court finds that the appellant's contentions of denial of direct appeal are meritorious, it should order that the appellant either be retried within a reasonable time or discharged from state custody. See Goforth v. Dutton, supra; Byrd v. Smith, 407 F.2d 363 (5th Cir. 1969).

Upon remand it is not imperative that the district court itself hold a hearing. The district court may properly withhold the granting of relief and retain jurisdiction of this cause for a reasonable period of time during which the state may be afforded opportunity to give the appellant an evidentiary hearing and enter appropriate findings. The state court findings, upon review, then may be the basis for the final order of the United States District Court.

If no appropriate record of the state court proceedings are filed within the time proscribed by the district court, it should then exercise its continuing jurisdiction by directing a new trial within a reasonable time or discharging the appellant from custody.

It is for the United States District Court to determine whether it should proceed to conduct the hearing itself or allow the state to conduct its own hearing and enter appropriate findings. The state hearing procedure in no way divests the district court of its full jurisdiction. The district court may well determine that affording the state the opportunity to exercise its initial, if not primary, right and responsibility has great merit in the administration of law while, at the same time, reserving to the district court its "inescapably independent judgment on federal issues." Boyer v. City of Orlando, 402 F.2d 966, 968 (5th Cir. 1968).

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent herewith.

Reversed and remanded.