In re: John L. Swope, et al. applying for writs of certiorari and mandamus.

Writ granted.

FOURNET, C. J., McCALEB and HAMLIN, JJ., are of the opinion that the application should be denied for the reasons hereto attached.

FOURNET, C. J., and McCALEB and HAMLIN, JJ., dissenting.

This Court is without jurisdiction to grant this application for the reason that the litigation has been removed to the federal court and that court, whether rightly or wrongly, has upheld its jurisdiction. Should this Court order the district judge to proceed in the matter, it would place the judge in an untenable, in fact impossible, position in view of the orders of the federal judge. Since the federal court has seized jurisdiction of the case, the correctness of the removal order can only be litigated in a federal tribunal. We cannot conceive how any order this Court might render could effectuate an ouster of the federal jurisdiction. To reason otherwise is to create an insurmountable conflict between state and federal jurisdiction contrary to the letter and spirit of Title 28, U.S.C.A. Section 1446 (e).

232 So.2d 517

**STATE of Louisiana ex rel. Jimmy C. FRENCH**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

No. 50403.

March 30, 1970.

In re: Jimmy C. French applying for writ of habeas corpus.

The application is denied. According to the record applicant is not entitled to the relief sought.

BARHAM, J., dissents from the refusal of the writ with written reasons.

On Petition for Writ of Habeas Corpus

BARHAM, Justice, Dissenting from the Refusal to Grant the Writ.

The relator complains that on June 17, 1969, he entered a plea of guilty to a charge of simple burglary, and that there is no showing made on the face of the record that his guilty plea was voluntarily and intelligently made with knowledge of his constitutional rights, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (effective June 2, 1969). Even prior to that decision it was a well established principle that waiver of constitutional rights cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). In the instant case the minutes of June 17 are:

"83,940 State of Louisiana vs. Jimmy C. French

SIMPLE BURGLARY

The accused, being in open court with his counsel, Samuel P. Love, Jr., was arraigned and plead [sic] guilty. Sentence was deferred by the Court until Friday, June 20, 1969 and the accused

was ordered remanded to jail to await sentence."

From the minute entry it is apparent, as relator contends, that there is no showing of an intelligent and voluntary plea of guilty as required by Boykin v. Alabama, supra. Although the minutes do not incorporate by reference any proceeding as part of the entry or record, the return to this court from the trial judge attaches what purports to be a transcription of the colloquy between the relator-defendant, his counsel, and the court on the day his plea of guilty was accepted. This attachment, even if assumed to be part of the record, does not show compliance with the requirements of Boykin v. Alabama, but simply gives information such as the trial judge would obtain through a pre-sentence investigation, which he apparently requested, as authorized by Louisiana Code of Criminal Procedure Article 875. The information contained in the attachment does not establish that the relator-defendant was fully aware before pleading, of the constitutional rights which are waived by a valid plea of guilty.

In Boykin v. Alabama it was stated:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First is the privilege against compulsory self-incrimination guaranteed

by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. *We cannot presume a waiver of these three important federal rights from a silent record.*" (Emphasis supplied.)

The court further said in Boykin:

"It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. * * *"

It is immaterial whether this court agrees that the decision in Boykin v. Alabama is sound constitutional interpretation. That decision is binding upon this court. The record in this case is silent as to a voluntary, intelligent plea of guilty and waiver of constitutional rights, and relator is entitled to have his sentence annulled, his plea set aside, and the case remanded for rearraignment and for proceedings consistent with Boykin if a guilty plea is entered or for trial upon a plea of not guilty.

For these reasons I respectfully dissent from the majority's refusal of the writ.