Webb **WASHINGTON**, Petitioner,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent.

No. 29649.

United States Court of Appeals, Fifth Circuit.

April 24, 1970.

---

Webb Washington, pro se.

Crawford Martin, Atty. Gen., Austin, Tex., for respondent.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This case is before us on petitioner Washington's application for a certificate of probable cause under 28 U.S.C.A. § 2253, which was denied by the district court. We hereby grant the certificate of probable cause. Moreover, since we think the record clearly indicates the total lack of a factual basis for the district court's denial of Washington's application for a writ of habeas corpus, we choose to reach that issue and remand to the district court for further consideration. See Sullens v. United States, 5 Cir. 1969, 409 F.2d 545, 547.

Petitioner Washington is a Texas prison inmate serving a life sentence for murder with malice. He was convicted in a Texas state court on his plea of guilty. Although he did not appeal his conviction, Washington filed an application for a writ of habeas corpus in the convicting court, alleging (1) that his court-appointed counsel was ineffective and (2) that his plea of guilty was coerced by his court-appointed counsel, in that counsel urged him to plead guilty to avoid the imposition of the death penalty even though counsel knew that the State had already filed a notice of intention not to seek the death penalty. The state trial court denied his application following a factual hearing on the issues raised, and the trial court's denial of the application was upheld without opinion by the Texas Court of Criminal Appeals.

Having exhausted his state remedies, Washington then filed his application for a writ of habeas corpus in the United States District Court, raising the two issues he had asserted unsuccessfully in the state courts. The district court denied relief, accepting the findings of fact and conclusions of law which had been entered by the state trial court. This was an inadequate factual basis for a denial of relief, for the record reveals that the state trial court made no findings of the operative facts, but in actuality entered mere conclusions of fact and law.[1] See Huffman v. Beto, 5 Cir. 1969, 414 F.2d 1094.

There is nothing in the record before us to support the state trial court's findings. Moreover, since the district court did not have before it a copy of the transcript of the state trial court hearing, it could not have ruled in a meaningful manner on the correctness of the state

---

1. The only findings of fact entered by the state trial court concerning Washington's allegations were the following:

"Petitioner fails to substantiate any claim of ineffective assistance of counsel, and the record reflects competent counsel adequately protected Petitioner's rights.

"Petitioner's allegation that his plea of guilty was coerced is without merit and in the face of the Trial record."

.ial court's findings. Consequently, the district court has never made a meaningful factual determination.

The judgment entered below is therefore vacated and the cause is remanded to the district court for a review of the transcript of the state trial court hearing. In the event that a transcript of that hearing is unavailable or inadequate, the district court will conduct its own evidentiary hearing and make its own findings of fact therefrom. See Breen v. Beto, 5 Cir. 1970, 421 F.2d 945; Cline v. Beto, 5 Cir. 1969, 418 F.2d 549.

Vacated and remanded with directions.