**Jimmy C. FRENCH, LSP No. 68790**

v.

**C. Murray HENDERSON, Warden.**

**Civ. A. No. 15584.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Sept. 18, 1970.

---

Steven H. Beadles, court-appointed, Shreveport, La., for petitioner.

John A. Richardson, Dist. Atty., First Judicial District, Shreveport, La., for respondent.

DAWKINS, Chief Judge.

### RULING

June 2, 1969, the United States Supreme Court in Boykin v. Alabama held:

"* * * It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an *affirmative showing* that it was *intelligent* and *voluntary.*" [1] (Emphasis added.)

The Court further noted,

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 [1964]. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 [1968]. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 [1965]. We cannot presume a waiver of these three important federal rights from a silent record." [2] (Footnote omitted; dates added.)

June 17, 1969, petitioner Jimmy C. French was arraigned in the First Judicial District Court, Caddo Parish, Louisiana, on a charge of simple burglary, pleaded guilty, and on June 24,

---

1. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

2. *Id.* 395 U.S. at 243, 89 S.Ct. at 1712.

1969, was sentenced to five years at hard labor. The State trial Court record was completely silent with respect to the trial judge's advising petitioner of his privilege against self-incrimination, his right to jury trial, or his right to confront witnesses against him.

Petitioner having exhausted his State remedies[3] applied to this Court for habeas corpus relief. In light of the short time interval between the *Boykin* decision and petitioner's arraignment, this Court assuming, without deciding, that failure of the record to show that petitioner was advised by the State trial Court of the three constitutional rights *Boykin* encompassed was not automatic grounds for relief, requested (see Cline v. Beto (5 Cir., 1969) 418 F.2d 549) the State trial Court to hold an evidentiary hearing to determine whether petitioner was advised of his privilege against self-incrimination, right to jury trial, and right to confront witnesses against him.

The results of the evidentiary hearing make it unnecessary for this Court to decide the question of whether a post-*Boykin* plea can be proved "intelligent" and "voluntary" in the absence of such a showing on the original State trial Court record, and we reserve judgment on that question. It is evident, however, that the Supreme Court intended its holding to eliminate frivolous collateral attacks and facilitate the administration of criminal justice by reducing the need for post-conviction evidentiary hearings on the question of waivers of constitutional rights:

" * * * When the judge discharges that function, he leaves a record adequate for any review that may be later sought * * * and forestalls the spin-off of collateral proceedings that seek to probe murky memories." [4] (Footnote omitted.)

The evidence introduced at the State evidentiary hearing did not show that French was advised by either the judge, the district attorney, or his own court-appointed counsel of his privilege against self-incrimination (other than the *Miranda*-warnings at the time of his arrest), his right to jury trial, or his right of confrontation, prior to the acceptance of petitioner's guilty plea. The judge and the district attorney clearly did not advise the petitioner of his "*Boykin*-rights." His court-appointed counsel, understandably, had only "murky memories" of the specific case and could not definitely say that petitioner was made aware of the rights in question.

It is no novel development that waiver of constitutional rights must be both *intelligent* and *voluntary*.

" * * * Presuming waiver from a silent record is impermissible. *The record must show * * * that an accused was offered counsel but rejected the offer.* * * * * " [5] (Emphasis added.)

■■■■ While the State introduced much evidence with respect to the question of non-inducement or non-coercion (in addition to the question of guilt, which is not before this Court), there was no affirmative showing that petitioner was made aware of his privilege against self-incrimination, right to jury trial or right of confrontation. A waiver of constitutional rights cannot be presumed to be intelligent and understanding absent affirmative showing that the defendant was made aware of their existence. There must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937); see also, Carnley v. Cochran, *supra*. We are not here dealing with a formula of "magic words," but of the relinquishment of

---

3. The Supreme Court of Louisiana denied petitioner's application for habeas corpus with Justice Barham dissenting, relying on *Boykin*. State of Louisiana ex rel. Jimmy C. French v. Henderson, 255 La. 792, 232 So.2d 517 (March 30, 1970).

4. *Boykin, supra*, 395 U.S. at 244, 89 S.Ct. at 1712.

5. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1961).

three fundamental constitutional rights. Stringent standards, of course, must be applied.

> "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences. \* \* \*"[6]

Consequently, the writ of habeas corpus is granted and petitioner, Jimmy C. French, must be discharged from custody unless the State within thirty (30) days from this date rearraigns petitioner and allows him to plead anew. It is so ordered.

---

6. *Boykin, supra,* 395 U.S. at 243–244, 89 S.Ct. at 1712.