Thomas J. **BEAL LSP** No. 69664

v.

C. Murray **HENDERSON**, Warden.

Civ. A. No. 16099.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Oct. 7, 1970.

---

Thomas J. Beal, in pro per.

Louis H. Padgett, Jr., Dist. Atty. 26th Judicial Dist., Bossier City, La., for respondent.

## RULING

DAWKINS, Chief Judge.

Let the petition herein for habeas corpus be filed and prosecuted *in forma pauperis*.

Thomas J. Beal, after exhausting his State remedies without relief, has filed a petition for a writ of habeas corpus with this Court alleging that he is illegally and unconstitutionally detained in the Louisiana State Penitentiary at Angola, Louisiana, under three concurrent six-year sentences, and a concurrent one-year sentence, imposed after his pleading guilty on February 9, 1970, to three counts of simple burglary and one count of theft.

Petitioner alleges that his pleas of guilty were involuntary and were made without full knowledge of the charges or consequences of his pleas; and that he was denied assistance of counsel at his sentencing. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (June 3, 1969); French v. Henderson, 317 F.Supp. 25 (W.D.La., September 18, 1970); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).

Since the record before us does not provide adequate factual evidence upon which we can make a determination of these questions and since no evidentiary hearing has been held by the State District Court on petitioner's allegations, an evidentiary hearing on these questions *must* be held, preferably by the State District Judge who accepted his pleas and imposed the sentences. See Cline v. Beto, 418 F.2d 549 (5th Cir. 1969):

"The district court may properly withhold the granting of relief and retain jurisdiction of this cause for a reasonable period of time during which the state may be afforded opportunity to give the appellant an evidentiary hearing and enter appropriate findings. The state court findings, upon review, then may be the basis for the final order of the United States District Court.

"If no appropriate record of the state court proceedings are filed within the time proscribed [*sic*] by the district court, it should then exercise its continuing jurisdiction by directing a new trial within a reasonable time or discharging the appellant from custody." Cline v. Beto, *supra*, at 551.

It is ordered, therefore, that copies of the petition filed in this case, its attachments, and this Order, be sent to Thomas J. Beal, presently incarcerated in Louisiana State Penitentiary at Angola, Louisiana, so that he may file another petition for a writ of habeas corpus with the State Trial Court; and to the State District Attorney, and Attorney General.

It is requested, strongly recommended, and ordered that the Honorable Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana, upon receipt of a new petition for a writ of habeas corpus filed by Thomas J. Beal, on the aforesaid grounds, hold an evidentiary hearing to determine the validity *vel non* of Beal's allegations, and thereafter promptly file with this Court, for our review, along with a copy of the minutes and recorded transcript of the pro-

ceedings so held, its written findings of fact and conclusions of law. It is the primary duty of the State Court to clean its own linen, if indeed it is dirty. A qualified attorney, admitted to practice in the State Court, should be appointed to represent him therein at all stages of the criminal proceedings, including arraignment and sentencing.

Jurisdiction of this case is retained by this Court, pending the final outcome of the State Court hearing, and filing of a transcript of the evidentiary proceedings, findings, and conclusions, etc., which we hereby order to be held within not more than sixty days from the filing of Beal's new petition. Of course, if the State Court finds that such is proper in the premises, it may order appropriate relief to petitioner, or deny it. Notice of its intention to hold such a hearing and otherwise comply with this Order should be filed by the State Court with this Court and served by mail upon petitioner within fifteen days following receipt of the new petition there; or the sentences will be declared null and petitioner will be ordered to be rearraigned.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

UNITED STATES OF
AMERICA

v.

_____Division

AFFIDAVIT OF UNDERSTANDING OF MAXIMUM PENALTY
AND CONSTITUTIONAL RIGHTS

I, _____, the above named defendant, having been first duly sworn and placed under oath by the Clerk or his Deputy of the United States District Court, state that I have been advised and personally addressed by the Court (Judge) as to the nature of the charge against me and having been furnished a copy of the charge hereby state that I understand the charge and that the Court has addressed me personally as to the maximum possible penalty that may be imposed against me as follows:

I further state that I understand and the Court has addressed me personally at the arraignment proceeding as to:

1. My right to be represented by counsel (a lawyer) of my choice, or if I cannot afford counsel, my right to be represented by Court-appointed counsel at no cost to me.

2. My right to have the charge against me presented to a Grand Jury for indictment.

3. My right to have a jury trial with twelve jurors who must all agree as to my guilt in order to convict.

4. My right not to be required to testify against myself, or at all, if I do not so desire.

* See attached form, which should be used by the State Court Judge, as a guide, adapted to State Rules of Criminal Procedure, in personally addressing the defendant, and executed by the latter under oath, to be filed in the State record.

5. My right to confront and cross-examine witnesses against me and my right to have compulsory process to require witnesses to testify.

6. My right to plead guilty or not guilty.

I realize that by pleading guilty I stand convicted of the crime charged and waive my privilege against self-incrimination, my right to jury trial, my right to confront and cross-examine witnesses, and my right of compulsory process.

I further state that my plea in this matter is free and voluntary and that it has been made without any threats or inducements whatsoever from anyone associated with the State or United States Government and that the only reason I am pleading guilty is that I am in fact guilty as charged. The Court has given me the opportunity to make any statement I desired.

Sworn to and subscribed before me this ———— day of ————, 19——, in Open Court in ————, Louisiana.

_____
Defendant

WITNESS:

_____
Attorney

_____

_____
Clerk or Deputy Clerk of Court