433 F.2d 927
 Roy L. MALONE, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections,
State of Florida, Respondent-Appellee.
 No. 30058 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
 
 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 13, 1970.
 Roy L. Malone, pro se.
 Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Florida state convict for the writ of habeas corpus. We reverse and remand for further proceedings below.
 
 
 2
 Appellant is presently serving a ten-year sentence, having been convicted upon trial by jury of third-degree murder.[1] On direct appeal conviction was affirmed. Malone v. State, Fla.App.1967, 195 So.2d 53.
 
 
 3
 Appellant sought post-conviction relief in the state court pursuant to Rule 1.850, Fla.R.Crim.P. 33 F.S.A. Relief was denied without an evidentiary hearing. The Florida Court of Appeals affirmed without a written opinion. Appellant then filed his petition for habeas corpus relief in federal court, where an evidentiary hearing was held.
 
 
 4
 In his petition filed in the court below appellant alleged:
 
 
 5
 (1) that he was denied counsel when the trial court denied his motion to allow substitute counsel to replace one of his trial counsel who withdrew during the trial;
 
 
 6
 (2) that he was illegally arrested without a warrant for 'investigation of homicide', which led to admissions concerning his ownership of a rifle later used as evidence at his trial; and
 
 
 7
 (3) that his purported consent to seize his rifle from his home was coerced and an invalid waiver of his freedom from an unreasonable search and seizure.
 
 
 8
 The district court found that the counsel issue had not been raised in the state court on the motion for post-conviction relief, and declined to consider that issue. However, the record reveals that this issue was raised on direct appeal. Therefore, appellant has exhausted state remedies. Issues which are fully developed at the state trial and upon direct appeal in the state court need not be relitigated in state habeas proceedings. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Williams v. Wainwright, 5 Cir. 1969, 410 F.2d 144; Hill v. Beto, 5 Cir. 1968, 390 F.2d 640. Further, the district court in concluding that the arrest was valid, made no operative findings of fact. Rule 52(a), F.R.Civ.P., requires the district court, in habeas proceedings, to find the underlying facts. Lee v. Beto, 5 Cir. 1970, 429 F.2d 524; Huffman v. Beto, 5 Cir. 1969, 414 F.2d 1094; Welch v. Beto, 5 Cir. 1968, 400 F.2d 582.
 
 
 9
 This case is reversed and remanded to the district court for findings of fact and conclusions of law on the issues of denial of counsel and validity of the arrest.
 
 
 10
 Reversed and remanded.
 
 
 
 [1]
 Under F.S.A., Sec. 782.04(3):
 'Murder.--
 (3) When perpetrated without any design to effect death, by a person engaged in the commission of any felony, other than arson, rape, robbery, burglary, the abominable and detestable crime against nature, or kidnaping, it shall be murder in the third degree, and shall be punished by imprisonment in the state prison not exceeding twenty years.'